IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TABITHA STEINER                                                                PLAINTIFF

v.                              No. 4:21-cv-414-DPM

ARKANSAS AUTO GROUP, LLC d/b/a
Arkansas Auto Group, Inc. and CREDIT
ACCEPTANCE CORPORATION                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

**1.** A work-around during a vehicle purchase, and some entity issues about the dealership, raise questions about an arbitration agreement and the timeliness of removal.

Dwight Gathright wanted to buy a used Toyota Tundra, but he had poor credit. Tabitha Steiner (then his girlfriend, now his fiancée), agreed to buy the truck in her name. She signed a document allowing her electronic signature to be used on the necessary paperwork. Gathright gave that document to the dealership, made a $1500 down payment with Steiner's money, put her electronic signature on a retail installment contract and arbitration agreement, and bought the Tundra. All the paperwork was done in the name of Arkansas Auto Group LLC. The dealership assigned the contract to Credit Acceptance Corporation. Steiner insured the truck and made monthly payments. She never received a certificate of title, though. She says the dealership defrauded

her and disguised the fact that it didn't have title to the Tundra. The dealership asks that Steiner be held to the arbitration agreement and compelled to arbitrate her claims. She disputes the arbitration agreement's validity.

In November 2020, Steiner sued Jacobs Arkansas Auto Group LLC and Credit Acceptance Corporation in state court, pressing claims under federal and state law. She served Credit Acceptance first and later served Jacobs Arkansas Auto Group LLC in January 2021. Neither defendant removed the case. In March, Steiner voluntarily dismissed Jacobs Arkansas Auto Group LLC. Then she named Arkansas Auto Group LLC as a defendant in an amended complaint. She served Arkansas Auto in April 2021. Within thirty days of being served, Arkansas Auto removed the case here with Credit Acceptance's consent. 28 U.S.C. § 1446(b)(1) & (2)(C). Steiner wants the case remanded to state court, arguing that the dealership waited too long to remove it. The dealership and Credit Acceptance respond that the removal was timely based on the entities sued.

**2.** The removal dispute and the entity issues come first. Jacobs Arkansas Auto Group LLC was an original defendant. As it was required to do by Arkansas law, ARK. CODE ANN. § 4-26-405(a), that entity registered "Arkansas Auto Group LLC" with the Secretary of State as a fictitious name under which this company would do business. *Doc. 17-1*. The Court can and does notice the Secretary of State's records

about entities, which are public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005). Those records reflect that Arkansas Auto Group LLC does not exist other than as a d/b/a name for Jacobs Arkansas Auto Group LLC. Steiner has provided records about this dealership that are maintained by the Arkansas State Police, including the dealership's application for a used motor vehicle dealer license and the required surety bond. *Doc. 17-2 at 5*. The applicant was Joshua D. Jacobs. Continuation of an existing used car business is the most reasonable explanation for the skein of names. The dealership's license application stated: "Robert C. McCrery owned Arkansas Auto Group LLC which assets are being purchased." *Doc. 17-2 at 4*. Again, there neither is nor was an Arkansas entity named Arkansas Auto Group LLC. Instead, the Secretary of State's records show that, in 2006, "Bob McCrery, owner" registered the corporate name of Arkansas Auto Group, Inc. That registration has expired. The Secretary of State's records do not show that this entity was an Arkansas corporation. (Perhaps it was a foreign corporation, or perhaps it was never formed; it does not matter for present purposes.) The inference that a business continuation was in the works is strengthened by two other items of record. The dealership's website is in the name of Arkansas Auto Group. *Doc. 17-2 at 15*. And there's a photograph of a big sign bearing the same name. *Doc. 17-2 at 14*. Now, back to the Steiner/dealership dispute.

Steiner argues that, because her initial pleading made the case removable, and neither Jacobs Arkansas Auto nor Credit Acceptance removed it within thirty days after service, the possibility of removal evaporated forever. The Court disagrees. If an amended pleading adds a defendant in a removable case, the added defendant has thirty days after service to remove. That is the most sensible reading of 28 U.S.C. § 1441(a) and § 1446(b)(1) & 2(B)–(C). Later-added Defendant C's right to a federal forum can't be waived or forfeited by the actions of Defendants A and B earlier in the case. Steiner's contrary argument puts more weight on the word initial in the term "initial pleading" than the statute can bear. Put another way, the best reading of 28 U.S.C. § 1446(b) is that, as to a later-added defendant, the initial pleading is the one that brings the new party into the case.

The right to remove in these circumstances may come with conditions. There's a one-year limitation in diversity cases, 28 U.S.C. § 1446(c)(1), but that part of the statute isn't applicable in federal question cases like this one. And, to achieve the unanimity among current defendants required in cases removed under 28 U.S.C. § 1441(a), all non-nominal defendants must consent to removal by a later-added defendant. There's no dispute about that here: Credit Acceptance consented. *Doc. 1 at 1.*

The Court of Appeals has not yet spoken on the exact issue presented by Steiner's motion to remand. But 28 U.S.C. § 1446 is plain

enough; and the analysis of that statute and precedent in the neighborhood by decisions from the Districts of South Dakota and Southern Iowa is persuasive. *Vermillion Area Chamber of Commerce and Development Co. v. Eagle Creek Software Services, Inc.*, 2016 WL 2851324, at *2–4 (D.S.D. 13 May 2016); *Ackerman v. Iowa*, 2019 WL 12294352, at *3–9 (S.D. Iowa 12 April 2019).

**3.** Can Arkansas Auto Group LLC take advantage of the applicable law to shift this case to federal court through Steiner's amended complaint? No. Arkansas Auto Group LLC has no legal existence apart from Jacobs Arkansas Auto Group LLC. A d/b/a is a second name, nothing more. That's part of the point of the registration statute, which is entitled "Fictitiousness". ARK. CODE ANN. § 4-26-405. Jacobs Arkansas Auto Group LLC did what it was supposed to do registration-wise. ARK. CODE ANN. § 4-26-405(a). The registration means that Jacobs Arkansas Auto Group LLC is bound to the Steiner/Gathright/Arkansas Auto Group LLC deal. ARK. CODE ANN. § 4-26-405(f)(1). The dealership—whether called Jacobs Arkansas Auto Group LLC or Arkansas Auto Group LLC—lost its right to remove when it did not do so within thirty days of being served with Steiner's complaint in January 2021. 28 U.S.C. § 1446(b). No right to remove arose when Arkansas Auto Group LLC was served in April with Steiner's amended complaint, a pleading that changed only the dealership's name.

\* \* \*

Steiner's abeyance motion, *Doc. 9*, is denied as moot. The Court intends to grant the motion to remand and return the case (and the pending motion to compel arbitration, *Doc. 4*) to state court. Because this Court's analysis varies somewhat from the parties' briefing, however, any party that wishes to be heard further may file a pointed brief limited to the issues addressed in this Order by 3 September 2021. The Court will make its final decision thereafter.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

30 August 2021