IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TABITHA STEINER                                                                    PLAINTIFF

v.                              No. 4:21-cv-414-DPM

ARKANSAS AUTO GROUP, LLC d/b/a
Arkansas Auto Group, Inc. and CREDIT
ACCEPTANCE CORPORATION                                                  DEFENDANTS

ORDER

The pending issue is the validity of the arbitration agreement. The factual record is murky. Defendants are certainly correct that Steiner's claims are premised on the retail installment contract. But it is less than clear exactly how this deal was done, who affixed Steiner's electronic signature to the contract and the arbitration agreement, and the extent of Gathright's authority (actual or apparent). *Compare Doc. 4-3, with Doc. 12-1*. The Court will be better able to decide if a trial is needed on the validity issue after the parties compile and provide a more complete factual record. *Compare Foster v. Walmart, Inc.*, 15 F.4th 860 (8th Cir. 2021), *with Duncan v. International Markets Live, Inc.*, 20 F.4th 400 (8th Cir. 2021) (per curiam). Complete targeted discovery on these issues by 6 May 2022. Please also address ARK. CODE ANN. § 4–75–413 and the relationship between the installment contract and the arbitration agreement.

The motion to compel arbitration, *Doc. 4*, is denied without prejudice. The Court directs the parties to follow Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 when the motion to compel arbitration is renewed. *City of Benkelman, Nebraska v. Baseline Engineering Corp.*, 867 F.3d 875, 882 (8th Cir. 2017). Motion due by 10 June 2022.

So Ordered.

*_____*
D.P. Marshall Jr.
United States District Judge

7 February 2022